ATTORNEY FOR APPELLANT

David W. Stone IV
Stone Law Office & Legal Research
Anderson, Indiana

ATTORNEY FOR APPELLEE

Brent R. Dechert
Kokomo, Indiana

ATTORNEY FOR
AMICI CURIAE

Indiana State Bar Assoc.
Alternative Dispute
Resolution Section and
Indiana Assoc. of
Mediators

Andrea L. Ciobanu
Ciobanu Law P.C.
Indianapolis, Indiana

## In the
## Indiana Supreme Court

**FILED**

Feb 12 2013, 10:59 am

*CLERK*
of the supreme court,
court of appeals and
tax court

No. 34S02-1210-DR-582

DENNIS JACK HORNER,                    *Appellant (Petitioner),*

v.

MARCIA (HORNER) CARTER,                *Appellee (Respondent).*

Appeal from the Howard Circuit Court, No. 34C01-9803-DR-168
The Honorable Lynn Murray, Judge

On Transfer from the Indiana Court of Appeals, No. 34A02-1111-DR-1029

**February 12, 2013**

**Dickson, Chief Justice.**

When the parties' marriage was dissolved in 2005, the trial court approved a settlement agreement reached by the parties following mediation. Appellant's App'x at 19. In 2011, the husband initiated the present proceeding, seeking in part "to modify the maintenance provision in the Settlement Agreement," *id.* at 27, in order to terminate his liability for monthly housing payments to the wife after her remarriage. At the evidentiary hearing the trial court excluded from evidence the husband's testimony regarding statements he claimed to have made to the mediator

during the mediation process, and thereafter denied the husband's request for modification of his monthly housing payment obligation. The Court of Appeals affirmed the denial of relief, but opined that the trial court's exclusion of the husband's testimony was in error, albeit harmless error. Horner v. Carter, 969 N.E.2d 111, 118 (Ind. Ct. App. 2012). We granted transfer thereby vacating the Court of Appeals opinion, except for those portions that are summarily affirmed herein. Ind. Appellate Rule 58(A)(2).

## 1. Exclusion of Husband's Statements to Mediator During Mediation.

Indiana policy strongly favors the confidentiality of all matters that occur during mediation.

> Alternative Dispute Resolution Rule 2.11 Confidentiality
>
> > Mediation shall be regarded as settlement negotiations as governed by Ind. Evidence Rule 408. For purposes of reference, Evid. R. 408 provides as follows:
> >
> > > Rule 408. Compromise and Offers to Compromise
> > > *Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim, which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. Compromise negotiations encompass alternative dispute resolution.*
> >
> > Mediation sessions shall be closed to all persons other than the parties of record, their legal representatives, and other invited persons.
> >
> > Mediators shall not be subject to process requiring the disclosure of any matter discussed during the mediation, but rather, such matter shall be considered confidential and privileged in nature. The confidentiality requirement may not be waived by the parties, and an objection to the obtaining of testimony or physical evidence from mediation may be made by any party or by the mediators.

Ind. Alternative Dispute Resolution Rule 2.11.

In Vernon v. Acton, we held that the mediation confidentiality provisions of our ADR Rules "extend to and include oral settlement agreements undertaken or reached in mediation. Until reduced to writing and signed by the parties, mediation settlement agreements must be considered as compromise settlement negotiations . . . ." 732 N.E.2d 805, 810 (Ind. 2000). Evi-

dence of conduct or statements made in compromise negotiations or mediation is not admissible except when offered for a purpose other than "to prove liability for or invalidity of the claim or its amount." A.D.R. 2.11 (incorporating Evid. R. 408); *see also* <u>Gast v. Hall</u>, 858 N.E.2d 154, 161 (Ind. Ct. App. 2006), *trans. denied.* The admissibility provided for mediation evidence "offered for another purpose" pertains to the use of such evidence only in collateral matters unrelated to the dispute that is the subject of the mediation. *See* A.D.R. 2.11 (incorporating Evid. R. 408).

During the hearing on the husband's petition to modify the mediated settlement agreement, the trial court refused to allow the husband to testify as to his statements to the mediator during the mediation session. The husband sought admission of this evidence to avoid liability under the agreed settlement on grounds that it reflected neither his intent, nor his oral agreement during the mediation.

The Court of Appeals concluded that the husband's statements during the mediation could be admitted as extrinsic evidence to aid in the construction of an ambiguous agreement. We disagree. Indiana judicial policy strongly urges the amicable resolution of disputes and thus embraces a robust policy of confidentiality of conduct and statements made during negotiation and mediation.[1] The benefits of compromise settlement agreements outweigh the risks that such policy may on occasion impede access to otherwise admissible evidence on an issue.

---

[1] The decision of the Court of Appeals, which we have vacated, expressed approval of a different approach presented in the Uniform Mediation Act ("UMA") drafted by the National Conference of Commissioners on Uniform State Laws. For the purpose of preserving traditional contract defenses, the UMA would permit disclosure and discovery of conduct and statements during mediation if not otherwise available, and subject to a cautious balancing to ascertain whether the need for such evidence substantially outweighs the interest in protecting confidentiality. *See* Uniform Mediation Act § 6(b) ("There is no privilege under Section 4 if a court, administrative agency, or arbitrator finds, after a hearing in camera, that the party seeking discovery or the proponent of the evidence has shown that the evidence is not otherwise available, that there is a need for the evidence that substantially outweighs the interest in protecting confidentiality, and that the mediation communication is sought or offered in: . . . except as otherwise provided in subsection (c), a proceeding to prove a claim to rescind or reform or a defense to avoid liability on a contract arising out of the mediation."). Indiana has not adopted the UMA, and we decline to follow its approach to mediation confidentiality at this time. The Court acknowledges that efforts are presently underway by the Alternative Dispute Resolution Section of the Indiana State Bar Association and the Alternative Dispute Resolution Committee of the Judicial Conference of Indiana to review and possibly propose modifications to the Indiana Rules for Alternative Dispute Resolution.

In the present case, the husband's purported oral statements made to the mediator during mediation clearly fall within the express inadmissibility of mediation evidence akin to the offer or acceptance of a compromise on a claim of disputed liability or validity. A.D.R. 2.11 (incorporating Evid. R. 408). Furthermore, applying Vernon, the husband's testimony, seeking to establish and enforce an oral agreement allegedly reached in mediation, must likewise be treated as confidential and inadmissible. The trial court was correct to exclude the husband's mediation statements from evidence on his petition to modify the parties' settlement agreement.

## 2. Denial of Husband's Petition to Modify Agreement.

With respect to the husband's petition to modify the Property Settlement Agreement's provisions obligating him to make house payments, we summarily affirm that portion of the decision of the Court of the Appeals that affirms the trial court's rejection of the husband's claim. Horner, 969 N.E.2d at 118–19; App. R. 58(A)(2).

## Conclusion

The judgment of the trial court is affirmed.

Rucker, David, Massa, and Rush, JJ., concur.

4